IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| *Plaintiff(s)* | ) Case: | 4:22-CR-168 |
| | ) | | |
| v. | ) | | |
| | ) Judge: | Kristine G. Baker |
| Jeremiah Nuniss | ) | | |
| _____ | ) | | |
| *Defendant(s)* | ) | | |

### DEFENDANT'S MOTION TO CONTINUE JURY TRIAL

COMES NOW, Jeremiah Nuniss, by and through their attorney, Christopher Baker of the James Law Firm, for their Motion to Continue Jury Trial states as follows:

1. This case is currently scheduled for jury trial on May 1, 2023 at 9:30 AM.

2. Defense Counsel has verified with the Government that this motion is unopposed.

3. The Government would request that the time be excluded. The Defense agrees with this request.

4. The time period for this delay should be excluded under 18 U.S.C. 3161(h)(7)(a). This subsection applies because an order granted here would be at the request of the Defendant. *Id.* The Defendant waives his right to a speedy trial for the duration of this continuance the additional time caused by this motion is excludable under the Speedy Trial Act.

5. To properly deconflict future scheduling, Defense Counsel would request an extension of approximately (45) to (60) days to deconflict with trials, hearings, and appearances already scheduled.

6. Defense Counsel is also aware of the importance of this Court's time and calendaring and is making his best effort to not "not obstruct orderly judicial procedure or deprive courts of their

inherent power to control the administration of justice." *United States v. Vallery*, 108 F.3d 155, 157 (8th Cir. 1997). To aid the Court in its current decision, Defense Counsel is providing supplemental information to appropriately address the necessary factors in determining a continuance. *See United States v. Cordy*, 560 F.3d 808 (8th Cir. 2009)(outlining the five relevant factors in a continuance as the nature of the case, diligence of parties, conduct of the parties, effect and disadvantage of granting the continuance, and the asserted need for the continuance.); *see also* 18 U.S.C. 3161(h)(B)(i) – (iv).

7. This case facts relate to an alleged possession of a firearm by certain persons. An indictment was filed in this case on June 8, 2022. The case has been continued by the Defense on one prior occasion. This case is not extremely complex and does not have a significant number of defendants, but Defendant believes that these factors do tip the scales in disfavor of their request.

8. The Government has, thus far, fully cooperated in this matter and this request for continuance is not based on their contributions or actions to this case.

9. The effect of this continuance is multi-part. The initial effect is that the overarching public interest in the prompt disposition of criminal cases is slightly extended. Next, the Court itself is then affected whenever a previously scheduled item is adjusted or moved and availability on the docket is reduced. Competing alongside these important interests, is the Defendant's right to counsel, and that counsel's ability to provide effective assistance.

10. With the prior interests in mind, Defense Counsel believes that the overall interest for all parties is most appropriately served and balanced by providing additional time to review the discovery and explore discussions between the Government and Mr. Nuniss relating to non-trial outcomes.

11. Defense Counsel has a duty to his client and this Court to inform them if would not be prepared to proceed and to ask for a continuance. *See e.g. United States v. Phifer*, 511 F.2d 960, 1975 U.S. App. LEXIS 16206 (4th Cir. 1975). We recently obtained release of the client pre-trial

supervision.  The Defense would like an opportunity to review items with the Defendant in person. Due to prior turnover at Defense Counsel's firm, discovery was re-requested (and immediately provided) by the Government on February 24, 2023.   Defense Counsel requires additional time to review the information received.

12. Moreover, the request for continuance in this matter is not due to the fault of the Defendant.  Here, the Defendant has not made attempts to purposeful induce delay by changing counsel or otherwise attempting to manipulate this Court's calendar. *c.f. United States v. Leavitt*, 608 F.2d. 1290, 1979 (9th Cir. 1979).

13. Finally, the asserted need for the continuance is to allow for effective representation of Defense Counsel's clients.  Defense Counsel has brought this motion in good faith and with utmost respect to the Court's docket and continues to firmly believe that the ends of justice are most honorably respected and served if a continuance is issued in this case.

WHEREFORE, Defendant prays that this matter be continued and for all other proper relief.

Dated: April 3, 2023                                  Respectfully submitted,

                                                      /s/ Christopher Baker

                                                      Christopher Baker, Esq.
                                                      Arkansas Bar No. 2022124
                                                      *Attorney for Jeremiah Nuniss*
                                                      cbaker@jamesfirm.com
                                                      James Law Firm
                                                      1001 La Harpe Blvd.
                                                      Little Rock, AR 72201
                                                      Telephone: 501-375-0900
                                                      Fax: 501-375-1356

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of Defendant Jeremiah Nuniss's above motion was electronically filed and served on the Court's electronic filing system. A copy of the filing will be made to any parties not associated with the CM/ECF filing system.

Dated: April 3, 2023                                Respectfully submitted,

                                                    /s/ Christopher Baker

                                                    Christopher Baker
                                                    Arkansas Bar No. 2022124
                                                    *Attorney for Jeremiah Nuniss*
                                                    Telephone: 501-375-0900
                                                    Fax: 501-375-1356